UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CR2

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| JIMMY EARL HILTON, JR., | ) | |
| JACQUELINE H. HILTON, | ) | |
| and TAMATHA M. HILTON, | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendants' Motion to Change Venue (Document #51), filed June 14, 2010, and the Government's Response in Opposition (Document #55), filed June 24, 2010. This matter is ripe for disposition.

## **BACKGROUND**

Defendants argue that a change of venue is warranted in this case for two reasons. First, Defendants argue that pretrial publicity has tainted the prospective jury pool. Defendants claim that such publicity is especially prejudicial because it has included references to a "swinger's club" allegedly run by Defendant Jimmy Hilton. Second, Defendants assert that prospective jurors employed in the furniture industry will be biased against Defendants since these Defendants caused a local furniture manufacturer to go out of business, thus putting that company's employees out of work. Defendants believe that juror prejudice related to this incident will be exacerbated by the precarious state of the overall furniture industry in the Statesville area.

## **ANALYSIS**

In deciding whether a change of venue is appropriate on the basis of prejudicial pretrial publicity, this court must employ a two-step analysis. First the court must decide whether the

1

publicity surrounding this case "is so inherently prejudicial that the trial proceedings must be presumed to be tainted." *United States v. Bailey*, 112 F.3d 758, 769 (4th Cir. 1997) (citing *United States v. Bakker*, 925 F.2d 728 (4th Cir. 1991). If the answer to this question is yes, the inquiry ends here, and a change of venue would be appropriate. However, if the publicity does not meet this high threshold, "the second step is to conduct a *voir dire* examination of prospective jurors to determine if actual prejudice exists." *Id.*

In the present case, Defendants have not shown sufficient, prejudicial publicity surrounding the case to create a presumption that the jury would be tainted. Defendants argue that their trial will be tainted because their case has been "in the Lenoir news within the last two years." However, Defendants do not cite to any specific news stories. In the Government's Response, the Government informs the Court that it was only able to find five printed articles and limited television coverage referencing the instant case within the past two years. (Govt.'s Resp. at 3.) This level of media attention falls far below the amount necessary to establish a presumption in favor of a change of venue. *See Bailey*, 112 F.3d at 769 (finding that 30 television news stories concerning the case in the six months prior to trial did not warrant change of venue). This is so despite the reference to a "swinger's club" contained in several of these articles. Defendants point to no articles that are "highly inflammatory" as opposed to "factual," *United States v. Higgs*, 353 F.3d 281, 308 (4th Cir. 2003), and the small number of articles in which the reference appears further reduces the likelihood of prejudice. In addition, Defendants admit that the coverage in this case was largely limited to the town of Lenoir. Thus, any possible prejudice would not extend to the vast majority of potential jurors within the Statesville Division's nine counties.

Defendants also argue that they will be prejudiced by local anger over the alleged fraud in this case, which caused the closing of a local furniture manufacturer and resulted in the loss of jobs

2

in the community. Defendants further contend that this anger will be compounded by the fact that some potential jurors may themselves work in the furniture industry and may have also lost their jobs recently. However, this worry is also insufficient to support a preemptive change of venue. Not every potential juror will have worked in the furniture industry. And any concerns about possible bias on the part of those jurors who have may be addressed through *voir dire*. Thus, Defendants have not shown that the jury pool will have "so great a prejudice against the defendant that the defendant cannot obtain a fair and impartial trial." *Higgs*, 353 F.3d at 307 (quoting Fed. R. Crim. P. 21(a)).

## **CONCLUSION**

**WHEREFORE**, for the foregoing reasons, Defendants' Motion for Change of Venue is **DENIED** at present. However, Defendants will still have the opportunity to show actual prejudice through *voir dire* at jury selection.

**SO ORDERED.**

Signed: June 30, 2010

Richard L. Voorhees
United States District Judge