UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

DOCKET NO. 5:10CR2-RLV

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **MONEY JUDGMENT AND** |
| | ) | **PRELIMINARY ORDER OF** |
| (1) TAMATHA M. HILTON, | ) | **FORFEITURE** |
| (2) JIMMY EARL HILTON, | ) | |
| (3) JACQUELINE H. HILTON. | ) | |

**THIS MATTER** is before the Court on the Government's Motion for Money Judgment and Preliminary Order of Forfeiture.

**THIS COURT FINDS AS FOLLOWS:**

1. In the Second Superseding Bill of Indictment (Dkt. 39) in this case, the United States provided notice that property was subject to forfeiture pursuant to 18 U.S.C. §§ 981, 982, and 1028, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c).

2. After trial of this matter, a jury returned verdicts (Dkts. 93, 94, and 95) finding all defendants guilty of, amongst other violations, the Section 371 conspiracy charged in Count One and the money laundering conspiracy charged in Count Thirty-Six. The jury also returned a Special Verdict (Dkt. 96) as to forfeiture. The Special Verdict reflected a finding, based on the evidence admitted at trial, that $655,000 and the specific real properties at 2420 Central Drive, Lenoir, North Carolina and 5940 Melrose Lane, Granite Falls, North Carolina, and the timeshare at Wyndham Vacation Resorts constituted the proceeds of the Count One conspiracy[1] and

---

[1] As reflected in the language of section one of the Special Verdict, the forfeiture action based on Count One only pertains to the conspiracy to pass forged securities, make false statements to a financial institution, commit identity theft, commit mail fraud, and commit mail theft, and not to the conspiracy to commit aggravated identity theft.

property involved in the Count Thirty-Six money laundering conspiracy.

3. For purposes of Fed. R. Crim. P. 32.2 and based on the evidence admitted at trial, the verdicts of guilt, and the Special Verdict, the Government has established the amount of money judgment and the requisite nexus between the properties identified herein and offenses.

**IT IS THEREFORE ORDERED** that, based upon the Second Superseding Bill of Indictment, Jury Verdict, Special Verdict and evidence admitted at trial, and 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), this Order shall constitute a final money judgment for the following property:

> **All currency and monetary instruments constituting or derived from proceeds traceable to the Section 371 conspiracy to pass forged securities, make false statements to a financial institution, commit identity theft, commit mail fraud, and commit mail theft, and constituting or derived from property involved in the Section 1956 money laundering conspiracy, such proceeds and involved in property including the sum of $655,000.**

In addition, this Order shall constitute a Preliminary Order of Forfeiture for the following specifically identified properties:

> **Real Property at 2420 Central Drive, Lenoir, North Carolina, more particularly described in a deed recorded at Book 1176, Page 677, in the Caldwell County Public Registry;**
>
> **Real Property at 5940 Melrose Lane, Granite Falls, North Carolina, more particularly described in a deed recorded at Book 1648, Page 1158, in the Caldwell County Public Registry; and**
>
> **A timeshare interest in Wyndham Vacation Resorts, Inc. F.K.A. Fairfield Resorts, Inc., also known as Wyndham Vacation Ownership, Inc., with addresses of P.O. Box 96204 Las Vegas, Nevada 89193-6204 and 8427 SouthPark Circle, Orlando, Florida 32819.**

The United States Postal Inspection Service, United States Secret Service, United States Marshals Service, and/or other property custodian for the investigative agency is authorized to

seize, enter onto, and maintain possession of all specifically identified properties herein. The Government shall provide notice of this Order in accordance with 21 U.S.C. § 853(n)(2) and other applicable law that any person, other than the defendants, asserting a legal interest in property which has been ordered forfeited to the United States may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of his or her alleged interest in the property. To the extent that this Order constitutes a preliminary order of forfeiture of specific properties, upon adjudication of all third-party interests, this Court will enter a final order and judgment of forfeiture.

Signed: November 19, 2010

Richard L. Voorhees
United States District Judge